# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_Jeannine Renee Lam_

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

_NYCDOE - New York City Department of Education_

Do you want a jury trial?

■ Yes    ☐ No

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

## EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   PARTIES

### A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Jeannine            R.            Lam
First Name                  Middle Initial            Last Name

4125   50th   Street , Apt. 5B
Street Address

Woodside                    NY              11377
County, City                        State              Zip Code

646  884  3055            jlam2@schools.nyc.gov
Telephone Number            Email Address (if available)

### B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   NYCDOE - New York City Department of Education
Name

TWEED Court House - 52 Chambers Street
Address where defendant may be served

NY                          NY              10007
County, City                        State              Zip Code

Defendant 2:
Name

Address where defendant may be served

County, City                        State              Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                          State                    Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Name District 30 (teacher in the ATR)

Address Queens                    NY
County, City                          State                    Zip Code

## III.   CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

■ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: *PTSD, anxiety, chronic depression*

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.   Other Claims**

In addition to my federal claims listed above, I assert claims under:

■ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

■ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.   STATEMENT OF CLAIM

### A.   Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☒ did not hire me

- ☐ terminated my employment

- ☒ did not promote me

- ☒ did not accommodate my disability

- ☒ provided me with terms and conditions of employment different from those of similar employees

- ☒ retaliated against me

- ☒ harassed me or created a hostile work environment

- ☐ other (specify): _____

_____

### B.   Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

( see attached )

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V.   ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

> ■ Yes (Please attach a copy of the charge to this complaint.)
>
> When did you file your charge?   1/10/2017, 6/11/17
>
> ☐ No

Have you received a Notice of Right to Sue from the EEOC?

> ■ Yes (Please attach a copy of the Notice of Right to Sue.)
>
> What is the date on the Notice?   12/29/17
>
> When did you receive the Notice?   1/7/18
>
> ☐ No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

> ■ direct the defendant to hire me
>
> ☐ direct the defendant to re-employ me
>
> ■ direct the defendant to promote me
>
> ☐ direct the defendant to reasonably accommodate my religion
>
> ■ direct the defendant to reasonably accommodate my disability
>
> ■ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
>
> (see attached)

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 2/9/18 | _Jeannine R. Lam_ (signature) |
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| Jeannine | R. | Lam |
| First Name | Middle Initial | Last Name |

4125   50th   Street   Apt 5B
Street Address

| | | |
|---|---|---|
| Woodside | Ny | 11377 |
| County, City | State | Zip Code |

| | |
|---|---|
| 646 884 3055 | jlama@schools.nyc.gov |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ■ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.

Relief

The relief I want the court to order is:

- Direct the defendant to hire me as an appointed staff member at I.S. 230 at no cost to the school, fully-funded by the NYCDOE Central Office to ease the financial burden of my soon to be 6-figure salary with building-level seniority back-dated to September of 2014, prior to being targeted at I.S. 204, within I.S. 230
- Promote me from being a teacher in the ATR to an appointed teacher at I.S. 230, specifically as 7th grade Math Special Education Self-Contained, but continue to have the NYCDOE Central Office pay for my future salary as well as all per session activities applied for
- Reasonably accommodate my disability by permanently approving my previously denied "Medical Accommodation Request" form by appointing me at I.S. 230 to serve a neglected, under-served Special Education population
- Reasonably accommodate my disability by keeping my list of job responsibilities clear, focused and simple with a caseload of 7th graders and a focus on math
- Destroy the 2016-17 Unsatisfactory Annual Rating Sheet from my personnel file
- Create a revised 2016-2017 Satisfactory Annual Rating Sheet
- Destroy disciplinary P.S. 2 letter to file regarding the request to attend SLT meeting and incorporation of a discussion about SLT during Parent Teacher Engagement
- Destroy disciplinary P.S. 2 letter to file regarding A-820 from 2016-2017 school year
- Destroy letters to file initiated for the sole purpose of creating a stronger 3020a case against me as those are a part of the continuing action against me and were created only to support that school's agenda to get me fired during the most emotionally trying year of my life.
- Destroy all HEIDI/ Danielson Reviews & Evaluation (hard copy in file and digital computer record)
- Remove all HEIDI/ Danielson Reviews & Evaluation with N/A (hard copy file and digital computer record)
- compensate me financially for loss of financial opportunities due to having a problem code, being on suspension, having a U-rating, Developing, and/or N/A rating causing me to be in-eligible per session activities from 2014 until I am made whole again
- compensate me financially for my emotional distress, defamation of character, and harassment, as well as being compensated by returning my lost days during my Restoration of Health Leave of Absence days used as a result of the effect the actions of the NYCDOE have had upon my emotional and physical well-being. Being targeted caused aggravation of my PTSD symptoms, including extreme physical disabilities, halting my ability to work, engage in relations with my partner, perform basic, daily activities at home, which, additionally prevented success in my career. In addition, during my FMLA, I was interrupted with Certified Returned Receipt letters demanding my presence for disciplinary meetings, leading to further exacerbation to my PTSD symptoms.
- Cease harassment against me for my disability, my age, my salary, my demotion to being a teacher in the ATR, for winning my 3020a- hearing and not being fired, as intended, by the NYCDOE. Being targeted after 40 at I.S. 204, and being a teacher in the

ATR has been humiliating to my professional career and ability to prosper in my relations with my partner within my personal life due to the stigma attached and the embarrassment it caused to us both. Also, being denied a much-needed medical accommodation to have a secure position and proximate location to home affected me emotionally, and in my interpersonal relationships

- Rebuild character by ordering previous administrators for official, written apologies for discriminatory actions or inactions, intentional or not, namely, but not limited to, retired Principal Leimsider of I.S. 204, Principal Kotzer of I.S. 204, Principal Goldman of P.S. 2, Principal Angueira of I.S. 126, and Principal Gordon-Chang of P.S. 85 need to apologize for their decisions on how they treated me

- Support my previous formal and/or informal, previous and/or future requests for accommodation keeping them 100% confidential, rather than encouraging administration to target and discipline me as a way to get me out of the NYCDOE

- Have the NYCDOE Central Office fund all of my salary, and per session at my appointed school for the remainder of my pedagogical career to cease and eliminate the chance of another day of retaliation against me

- Continue evaluations in the present format, using the S/U (21st C.) system by outside evaluation to ease the Human Resources hardship upon the school and to not exacerbate my anxiety symptoms about the complexity of the Danielson HEIDI system which I haven't been fairly evaluated within since its onset

## Facts

EEOC Compliant Form

1. I have been employed as a Special Education Teacher with the New York City Department of Education (NYCDOE) since August 2001.
2. I have worked in District 30 of Queens, NY since August, 2014.
3. I am 43 years old.
4. In August of 2014, I was hired by I.S. 204. Principal Leimsider was aware of my anxiety issues and PTSD symptoms. The NYCDOE has been notified of my anxiety and depression for years as I have submitted medical documentation and confidentiality has been breached.
5. On March 22, 2015, I wrote to Principal Leimsider about the exacerbation of my PTSD symptoms because of my work load and caseload due to understaffing and requested an immediate reduction and support.
6. Principal Leimsider retaliated with several actions in a short amount of time to intentionally exacerbate my anxiety:
   a. Interrupted whole school instruction by calling my name on the loudspeaker of the school saying to report to my assigned location rather than calling my office to check that I was okay during an anxiety attack and writing me up for being late without due process to find out the reason.
   b. sending me on an all-day, illegally and intentionally under-staffed trip and not allowing me to take a break the entire day
   c. calling emergency meetings with my entire team with intervention specialists because I said there was a lack of collaboration time
   d. sending intervention from outside resources
   e. writing a letter to file after a parent complaint that the content area teacher was not replaced
   f. changing administrative posts to increase presence at my scheduled assignments to increase my anxiety
7. On March 26, 2015, I went on a Restoration of Health Medical Leave of Absence (*ending on June 29, 2015).
8. While on leave, I.S. 204 (Principal Leimsider) interrupted my FMLA with multiple Certified Return Receipt mailings, email messages, and calls for me to attend several disciplinary meetings illegally interrupting my FMLA leave.
9. From June 2015 to August 2015 I was blocked from transferring to another school due to being "problem-coded" so I was unable to transfer on the Open Market to another school.
10. In August and September of 2015, I made both verbal and written informal accommodation requests to Principal Kotzer what my needs were and ideas of how to minimize the exacerbation my PTSD symptoms in the workplace for the school year.
11. I was retaliated against for my requests with an unfair observation during a co-teaching ICT class where the union rep, my co-teacher, was rated with Highly Effective/ Effective, and I was rated with Developing/Ineffective on the exact same lesson despite evidence supporting my Highly Effective/ Effective pedagogy which was overlooked as a way to retaliate against me for my attempting to continue to advocate for myself.

12. I approached administration about this unfair evaluation many occasions with a binder of supportive evidence. Principal Kotzer disregarded and refused to make any adjustments to my evaluation form despite saying that she has done so for other teachers.

13. Principal Kotzer signed 3020a charges initiated by Principal Leimsider during the 2014-15 school investigating my location while on a medical mental health days called into Subcentral.

14. On December 7, 2015, I was stripped of my job tasks and placed in a solitary mini-rubber room by Principal Kotzer in retaliation for calling her out on this discriminatory evaluation, using evidence which supported an Effective lesson. (*this solitary mini-rubber room was my space until assigned as a teacher in ATR).

15. On May 17, 2016, I applied for a Formal ADA Accommodation.

16. On June 24, 2016 Glenn Darien wrote to William Brewton that the denial had no appropriate reasoning or collaboration, only "We are not able to accommodate this request."

17. On July 20, 2016, Formal ADA Accommodation was denied.

18. On September 26, 2016, I was assigned as an ATR at I.S. 126.

19. On September 28, 2016, I was injured due to the exacerbation of my PTSD symptoms, hostile working conditions, and poorly maintained staircase fire doors.

20. On September 29, 2016 at 9:34 AM, Principal Angueira sent an email complaining that he did not want me to get assigned to my school again because I stated that I have PTSD as written within a doctor's note.

21. For the remainder of my time at I.S. 126, Principal Angueira did not assign job duties, rather had me wait in the teacher's lounge out of retaliation for voicing that I had PTSD, discriminating against me for my disability and humiliating me in front of all of my colleagues.

22. On September 29, 2016 at 9:56 AM, an email message was sent to Principal Angueira by "ATR Assignment" cc: William Fahey and Genevieve Lamonaca advising him to summon me to disciplinary conferences to address my issues, and then to gain a letter to my file to prevent me from future assignments to his school.

23. On October 13, 2016, Principal Angueira requested a Mandated Medical Evaluation (Section 2568).

24. On November 22, 2016, I told Principal Chang of P.S. 85 that I had PTSD symptoms exacerbated when required to dismiss students to strangers that I didn't know with worry about the children's safety.

25. Immediately following, at the staff meeting, Principal Chang had her Assistant Principal take away the paperwork given to all staff from me. When I approached the Assistant Principal about this Principal Chang interrupted, laughed and stated that she took it because I was not part of her staff so I couldn't be privy to the information contained within. This caused me further anxiety that I was not privy to safety protocol.

26. On November 29, 2016, Principal Chang requested a Mandated Medical Evaluation (Section 2568).

27. On December 16, 2016, I got a notification for a Mandated Medical Evaluation.

PTSD symptoms as a result of the manner in which the meeting was managed. Instead of accommodating my request, Principal Goldman retaliated by threatening me, saying that if I was not going to do my job that I should punch out and just go home. Out of fear of insubordination, I promptly attended my assigned duty, neglecting my own anxiety.

39. On January 18, 2017, I was informed of another disciplinary meeting.
40. On January 18, 2017, an email from the ATR Unit was sent via email, notifying me of a new rotation assignment at another school the next day, clearly due to Principal Goldman's retaliatory letter to file.
41. On January 18, 2017, I took a Restoration of Health Leave of Absence to recover.
42. During my FMLA, it was interrupted with several email messages from Principal Goldman about disciplinary meeting dates and rescheduling of disciplinary meetings rather than waiting until my FMLA ended.
43. On February 3, 2017, a second disciplinary letter was put in my file.
44. At my final schools, I refrained from notifying the school administration of my needs out of fear of further retaliation for my disability.
45. All evaluations by Lisa Barry Black, my field supervisor, were Satisfactory, and often verbally described as "stellar".
46. On June 15, 2017, an apparently retired administrator from the NYCDOE whom I have never met and was unable to contact, Esther Salorio, signed my Unsatisfactory Evaluation for the 2016-2017 School Year, solely the result of the two retaliatory letters to file submitted by Principal Goldman to prevent future assignments at her school.
47. I believe that I have been subject to hostile working environments at several schools based on my age, my salary step, disability (PTSD, anxiety, chronic depression), and status as a teacher in the ATR.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 520-2017-02002 |

| New York State Division Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.)
**Jeannine Renee Lam**

Home Phone (Incl. Area Code): (646) 884-3055
Date of Birth: 04/23/1974

Street Address: **4125 50th Street, Apt 5B,**
City, State and ZIP Code: **Woodside, NY 11377**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**
**NYC DEPT OF EDUCATION**

No. Employees, Members: **500 or More**
Phone No. (Include Area Code): **(212) 374-2988**

Street Address: **52 Chambers Street, Room 308,**
City, State and ZIP Code: **New York, NY 10007**

**Name**

No. Employees, Members:
Phone No. (Include Area Code):

Street Address:
City, State and ZIP Code:

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
                 **12-21-2016**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**SEE ATTACHED**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

6/7/17
5/22/17     X
Date     Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
June 07, 2017

THOMAS G. MEI
Notary Public, State of New York
Registration #01ME6222532
Qualified In Queens County
Commission Expires

520 - 2017 - 02002   V3

1/10/2017 EEOC Complaint
33 Whitehall Street
5th Floor
New York, NY 10004
1(800) 669-4000

Jeannine Renee Lam
4125 50th Street
Apartment 5B
Woodside, NY 11377

Employer:
NYCDOE
65 Court Street
Brooklyn, NY
20+ Employees

To Whom It May Concern:

I'd like to keep this as simple as possible and get this out in the mail as soon as I am
able to. I have been discriminated against and retaliated against due to my disability,
genetic information (mother with mental illness), and age (42 years old). My attempts to
express my concern about the need for help in the past has only cause more issues.

From December 7, 2015 to September 24, 2016, the administration at 30Q204 stripped
me of my full duties. Prior to that, I needed a Restoration of Health Leave of Absence
from March 26, 2015 to June 29, 2015. Prior to and during this experience, I attempted
to work something out with by voicing issues to the arrangement, which was somewhat
like a rubber room, with the principal about its effect on my disability and the humiliation
of the experience. These concerns were ignored.

An Accommodation Request was submitted May 20, 2016 for a "permanent placement
in an elementary school classroom environment with a daily, consistent schedule rather
than being moved around to numerous new work environments." Ignoring the
Accommodation Request, the NYCDOE emailed me a Reassignment Letter on May 26,
2016 to move on May 31, 2016 to 30Q145 from 30Q204. My Accommodation Request
was under review on June 15, 2016 and was denied on July 20, 2016 without an
interactive process for this reason: "ADMINISTRATIVE- Undue hardship on the
Department of Education. ATR schedules are, by nature, not consistent day to day".

On September 19, 2016, I was demoted into my first "ATR" (notated in letter as
"Assigned Teacher Reserve") rotation which began on Monday, September 24, 2016 at
30Q126. After being stagnant for so long, this reassignment triggered my disability
symptoms and I was injured on September 26, 2016. Since then I have rotated several

5/22/17 John

times from school to school, and within schools and grade levels ranging from PK to 8th grade to date.

All attempts to get supports must occur with administration on the building level due to HR's Accommodation Denial and have resulted in discriminatory treatment by staff because I have voiced my needs. I attempted to express to the principals things I needed support and got pushback from them. At 30Q85, for example, after approaching the principal about my disability on November 22, 2016, she notified the superintendent that she was "concerned about having her [me] around the students at PS 85Q." On November 29, 2016, I received a Mandated 2568 Medication Evaluation. After being deemed "FIT" on December 21, 2016, I was notified by ATR Supervision in the afternoon by email that the DOE "will be supplementing its supervision in the Absent Teacher Reserve (ATR) pool." I'm concerned about the retaliatory treatment and discrimination from the DOE because I have advocated for myself.  Rather than an interactive process, this retaliation has exacerbated my symptoms.

Discriminatory actions have occurred, such as, but are not limited to:
-- Lack of regular provision of a place to lock up personal items on a daily basis
-- No routine provision of keys for bathroom or/or classrooms for emergencies
-- Last of provision and routine access to school curriculum, teachers' lesson plans, curriculum, curriculum materials, and/or scope and sequence
-- Mandatory signing in at security despite NYCDOE/ UFT agreement
-- No routine provision of access to IEP student names in classes, and/or SESIS access
-- Denial of provision of a copy of School's Emergency Plan, along with blatant humiliation in front of staff by taking it away
-- Denial of Staff Handbook
-- Outright humiliation in front of entire school staff during staff meeting
-- Lack of appropriate preparation for dismissal of students to parents at the end of the school day (security issue)

*pages (part of 2/3 and all of 3/3 were missing) John

5/22/17   * Incomplete from EEOC – added & sent back

times from school to school, and within schools and grade levels ranging from PK to 8th grade to date.

All attempts to get supports must occur with administration on the building level due to HR's Accommodation Denial and have resulted in discriminatory treatment by staff because I have voiced my needs. I attempted to express to the principals things I needed support and got pushback from them. At 30Q85, for example, after approaching the principal about my disability on November 22, 2016, she notified the superintendent that she was "concerned about having her [me] around the students at PS 85Q." On November 29, 2016, I received a Mandated 2568 Medication Evaluation. After being deemed "FIT" on December 21, 2016, I was notified by ATR Supervision in the afternoon by email that the DOE "will be supplementing its supervision in the Absent Teacher Reserve (ATR) pool." I'm concerned about the retaliatory treatment and discrimination from the DOE because I have advocated for myself. Rather than an interactive process, this retaliation has exacerbated my symptoms.

Discriminatory actions have occurred, such as, but are not limited to:
- Lack of regular provision of a place to lock up personal items on a daily basis
- No routine provision of keys for bathroom or/or classrooms for emergencies
- Last of provision and routine access to school curriculum, teachers' lesson plans, curriculum, curriculum materials, and/or scope and sequence
- Mandatory signing in at security despite NYCDOE/ UFT agreement
- No routine provision of access to IEP student names in classes, and/or SESIS access
- Denial of provision of a copy of School's Emergency Plan, along with blatant humiliation in front of staff by taking it away
- Denial of Staff Handbook
- Outright humiliation in front of entire school staff during staff meeting
- Lack of appropriate preparation for dismissal of students to parents at the end of the school day (security issue)

Documents attached:
- UFT DOE 2009-2018 Contract Article Seven Program Guidelines (page 22, 27)
- Concerns written to NYCDOE administrators (March 22, 2015)
- Hapworth Center Letter to HR (April 14, 2015)
- Restoration of Health Approval (April 17, 2015)
- Letter to Chancellor Carmen Farina (May 13, 2015)
- Letters to HR re:letter to Chancellor Farina without resolution (May 19, 2015-June 7, 2015)
- Medical Letter re: diagnosis (May 26, 2015)
- Accommodations Request to 30Q204 Principal (September 5, 2015)
- Medical Clearance Letter from Hapworth Center (September 8, 2015)
- Restoration of Health Extension Final Approval (November 18, 2015)
- Image of Solitary Confinement with no assigned duties from 12/7/2015 to June 29, 2016 while suspended
- Assigned to Staff Lounge with no assigned duties from start of 2016-2017 School

*missing part of 2/3*

5|22|17

Year until September 26, 2016
- EEOC Case Determination (May 10, 2016)
- Hapworth Centers Letter (5/17/2016)
- Accommodation Request Form (5/17/2016)
- MMS&J Letter to Accommodation Unit (5/20/2016)
- Reassignment Letter Email (5/26/16)
- Staffing Assignment Notification (5/26/16- Attachment to Email)
- MMS&J Letter (5/26/16)
- Accommodation Appointment Letter (6/6/16)
- Accommodation Request Under Review Sheet (6/15/16)
- Accommodation Denial (July 20, 2016)
- ATR School/ 1st Rotation- Middle School 30Q126- 9/26/2016-10/16/2016
- Part A of Comprehensive Injury Report (9/28/2016)
- Part B of Comprehensive Injury Report (9/28/2016)
- Conversation about Accommodations with 30Q126 Principal Audio/Transcript - Immediate Counseling to consider another profession after my introduction (9/29/2016)
- Section 2568 Letter #1, signed by Principal (October 13, 2016)
- ATR School/ 2nd Rotation- Elementary School- 30Q148- (October 17/2017-11/13/2016)
- ATR School/ 3rd Rotation- Elementary School- 30Q85- (11/14/2016- December 11, 2016)
- Conversation with Secretary re: needing to speak with Principal in Confidence Audio (11/22/2016)
- Accommodation Meeting with Principal Audio/ Transcript (11/22/2016)
- Staff Meeting Humiliation Audio/ Transcript Immediately following Accommodation Meeting (11/22/2016)
- Letter to Principal Ann Gordon Chang re: Meeting and F/U (11/22/2016)
- Section 2568 Letter #2, signed by Principal Ann Gordon Chang (November 29, 2016)
- Letter and "Guideline for Teachers in Excess..." to Principal of 30Q291 (12/9/2016)
- ATR School/ 4th Rotation- Middle School- 30Q291- (12/12/2016- December 18, 2016)
- Letter and "Guideline for Teachers in Excess..." to Principal of 30Q2 (12/19/2016)
- Mandatory Medical Review Notice Letter (December 16, 2016)
- ATR School/ 5th Rotation- Elementary School- 30Q2- (12/19/2016- December 25, 2016)
- Medical Examination "FIT" (12/21/2016)
- Other supportive documents are available and issues continue, but transcripts of conversations are in preparation

Thank you for your attention to this matter.
Signed,

Jeannine Renee Lam

(11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Jeannine Renee Lam
4125 50th Street, Apt 5 B
Woodside, NY 11377

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-02002 | Philip Reo, Investigator | (212) 336-3772 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kevin Berry*

**Kevin J. Berry,**
**District Director**

12/29/17

*(Date Mailed)*

Enclosures(s)

cc:    Robin Singer
**Associate General Counsel - Office of Legal Services**
**NYC DEPT OF EDUCATION**
52 Chambers Street, Room 308
New York, NY 10007

1/10/2017 EEOC Official Complaint

4125 50th Street
Apartment 5B
Woodside, NY 11377
6/7/2017 Revision

EEOC Complaint Division
33 Whitehall Street
5th Floor
New York, NY 10004
1(800) 669-4000

Employer:
NYCDOE
65 Court Street
Brooklyn, NY
20+ Employees

To Whom It May Concern:

I'd like to keep this as simple as possible and get this out in the mail as soon as I am able to. I have been discriminated against and retaliated against due to my disability, genetic information (mother with chronic mental illness), and age (42 years old). My attempts to express my concern about the need for help in the past has only caused more issues.

From December 7, 2015 to September 24, 2016, the administration at 30Q204 stripped me of my full duties. Prior to that, I needed a Restoration of Health Leave of Absence from March 26, 2015 to June 29, 2015 due to exacerbated PTSD symptoms. Prior to and during this experience, I attempted to work something out by voicing issues with the arrangement to administration. Administration chose to put me into a space comparable to a "rubber room" where I was left alone all day without any assigned tasks or colleagues to work with, similar to solitary confinement. Although I expressed concerns about the NYCDOE administrators' decision, the effect on my disability and the humiliation of the experience were left ignored.

An Accommodation Request was submitted on May 20, 2016 for a "permanent placement in an elementary school classroom environment with a daily, consistent schedule rather than being moved around to numerous new work environments." Despite emailing, faxing, and "FedEx"ing the Accommodation Request via legal representation, the NYCDOE emailed me a Reassignment Letter on May 26, 2016 for my removal from 30Q204 for May 31, 2016 to be reassigned to 30Q145. Following that time, my Accommodation Request was under review on June 15, 2016 and was denied

6/7/17        STATE OF NEW YORK COUNTY OF QUEENS
SUBSCRIBED AND SWORN BEFORE ME

THIS 7 DAY OF Jun. 2017        1/6

THOMAS G. MEI
Notary Public, State of New York
Registration #01ME6222532
Qualified In Queens County
Commission Expires Sept. 7. 2011

on July 20, 2016 without an interactive process stating this reason: "ADMINISTRATIVE-Undue hardship on the Department of Education. ATR schedules are, by nature, not consistent day to day". ℘

On September 19, 2016, I was demoted into my first ATR or "Assigned Teacher Reserve" rotation which began on Monday, September 24, 2016 at 30Q126. After being stagnant for so long, this reassignment triggered my disability symptoms and I was injured on September 26, 2016. Since September 19, 2016, my schedule changed on a daily basis, where, despite 16 years as a Professional Educator, I was suddenly placed erratically within District 30, receiving assignments week by week, and my schedule and job duties upon arrival each morning. Placement has been temporary, in Pre-K, K-5, and Middle Schools, with a daily, ever-changing schedule, being moved around from one school to the next and from classroom to classroom, up to 6 different classrooms and grade levels each day. The unpredictability and instability of my job has caused a lot of anxiety which has been debilitating in my job search. ℘

All attempts to get supports must occur with administration on the building level due to fact that Human Resources denied my Accommodation Request. Discriminatory treatment toward me by staff was a result of voicing my needs for help and support as done in person and via email. I attempted to express to the principals the accommodations I needed but got pushback from them. At 30Q85, for example, after approaching the principal about my disability on November 22, 2016, she notified the superintendent that she was "concerned about having her [me] around the students at PS 85Q." On November 29, 2016, I received a Mandated 2568 Medication Evaluation. After being deemed "FIT" on December 21, 2016, I was notified by ATR Supervision in the afternoon by email that the DOE "will be supplementing its supervision in the Absent Teacher Reserve (ATR) pool." The day of my original letter, I was retaliated against by the principal at the school I was assigned to when I had to leave for my mandatory medical evaluation and then was disciplined within that week, driving my PTSD symptoms to a level requiring another Restoration of Health Leave of Absence. The principal at P.S. 2 called me to her office on my first day at her school, having another staff member witness her handing me the Mandated 2586. I was deemed "FIT" to work on 12/21/16. I worked the following days: 12/22, 12/23, 1/3/17, 4, 5, 6, 9, 10, 11, 12, 13, 17. I was harassed on 1/10/2017 by a colleague which initiated problems at P.S. 2. This also stemmed shortly after approaching the principal about attending a UFT-related school organization (SLT). Having this harassment on top of my own personal familial problems with my mother's chronic mental illness and present kidney failure, my PTSD symptoms exploded. ℘ *added*

Her awareness of my anxiety was used against me. I'm concerned about the retaliatory treatment and discrimination from the DOE because I have advocated for myself. Rather than an interactive process, this retaliation has exacerbated my symptoms. There was no attempt to support me, but rather this principal went even as far as telling me that if I wasn't going to do my job, on 1/17/17, because of my heightened anxiety, that I should punch out and go home. I didn't want to again be written up for insubordination by the same principal, so I went immediately to my assignment and *added*

THOMAS G. MEI
Notary Public, State of New York
Registration #01ME6222532
Qualified In Queens County
Commission Expires Sept. 7, 2018

STATE OF NY COUNTY OF QUEENS
SUBSCRIBED AND SWORN BEFORE ME
THIS 7 DAY OF June, 2017

6/7/17

2/6

required a Restoration of Health Leave within a week of her retaliatory behavior.

I have been assigned to P.S. 69 from February 6, 2017 to present. Since this assignment, I do not ask for support of my needs and avoid developing relationships because of the instability of my demoted position as an "ATR". My symptoms have been exacerbated along the way requiring the occasional use of intermittent FMLA. At P.S. 69, my schedule does change daily, often each period, where I travel sometimes from the 5th floor to the outdoor Pre-K portables back to back. Due to previous retaliation and discrimination, I have had to hide behind a mask rather than speaking up. I keep my disability a secret out of fear due to the previous retaliation I've suffered at every other ATR assignment. Despite the denial of my ADA Accommodation as follows, "ADMINISTRATIVE- Undue hardship on the Department of Education. ATR schedules are, by nature, not consistent day to day", there does not seem to have been hardship to have me stay at a "permanent placement in an elementary school classroom environment with a daily, consistent schedule rather than being moved around to numerous new work environments." I have submitted an application for a position which was posted at the school in my license area and there may be a need for another Special Education teacher due to increased enrollment in the Self-Contained Special Education population. I have succeeded in this school and it is a good fit. The other schools I've been assigned at have only discriminated against me for communicating my needs. I have put applications throughout Queens prior to being put in the "rubber room" only to later find out I had a "problem-code" in the system. This kept me from qualifying for a transfer at a school where the administration was harassing me for being an advocate. Since I had applied nearly every school that had a posting on Open Market during that time, I am stigmatized as either being "problem-coded", an ATR, as having a disability and on interviews my resume is caste aside, furthering the discrimination. The exacerbation of my symptoms has misrepresented me as a teacher. I am unable to clean up people's tarnished perceptions of me from previous schools where I was either humiliated, antagonized, harassed, or instigated. I feel that I must hide the fact that I have a disability and suffer through it rather than be open an honest to get what I need openly and therefore be the most effective teacher that I can be.

*added*

Discriminatory actions have occurred, such as, but are not limited to:
Lack of regular provision of a place to lock up my personal items on a daily basis
No routine provision of keys for bathroom or/or classrooms for emergencies
~~Last~~ *Lack* of provision and routine access to school curriculum, teachers' lesson plans, curriculum, curriculum materials, and/or scope and sequence
Mandatory signing in at security despite NYCDOE/ UFT agreement
No routine provision of access to IEP student names in classes, and/or SESIS access
Denial of provision of a copy of School's Emergency Plan, along with blatant humiliation in front of the permanent staff members by taking the paperwork away because I wasn't "part of the permanent staff"
Denial of Staff Handbook
Outright humiliation in front of entire school staff during staff meeting
Lack of appropriate preparation for dismissal of students to parents at the end of the school day (security issue)

3/6

The above discriminatory actions and others have occurred that have exacerbated my disability and, therefore, my ability to take care of my daily life skills. Since I was demoted to being an ATR and not given the accommodation of a permanent ATR placement as described above, I've suffered from staff's disrespect and denial of appropriate teaching placements throughout, for example by being assigned to lunch duty only at a school without a teaching assignment at all. In one school I was told to sit in the staff lounge for most periods throughout the day, despite the request to support students who may need help somewhere in the school who need it.

*added*

Documents that were attached to the 1/10/2017 letter to EEOC:
UFT DOE 2009-2018 Contract Article Seven Program Guidelines broken on trips and as ATR (page 22, 27)
Concerns written to NYCDOE administrators (March 22, 2015) which led to bombardment of administration for "PD" meetings without warnings using prep time
Hapworth Center Letter to HR (April 14, 2015)
Restoration of Health Approval (April 17, 2015)
Letter to Chancellor Carmen Farina (May 13, 2015)
Letters to HR re:letter to Chancellor Farina without resolution (May 19, 2015-June 7, 2015)
Medical Letter re: diagnosis (May 26, 2015)
Informal verbal and Written Accommodations Request to 30Q204 Principal (September 5, 2015)- most of the requests were due to issues the previous year with the other principal's targeted. When I attempted to apply through Open Market to hundreds of schools I got minimal response because I was "Problem-coded" and didn't know. Now all of those schools already received applications and don't want to hire me. Audio of confirmation of a "Problem-Code" on App.
Medical Clearance Letter from Hapworth Center (September 8, 2015)
Restoration of Health Extension Final Approval (November 18, 2015)
Image of Solitary Confinement with no assigned duties from 12/7/2015 to June 29, 2016 while suspended
Assigned to Staff Lounge with no assigned duties from start of 2016-2017 School Year until September 26, 2016
EEOC Case Determination (May 10, 2016)
Hapworth Centers Letter (5/17/2016)
Accommodation Request Form (5/17/2016)
MMS&J Letter to Accommodation Unit (5/20/2016)
Reassignment Letter Email (5/26/16)
Staffing Assignment Notification (5/26/16- Attachment to Email)
MMS&J Letter (5/26/16)
Accommodation Appointment Letter (6/6/16)
Accommodation Request Under Review Sheet (6/15/16)
Accommodation Denial (July 20, 2016)
Annual Performance Evaluation/ Rating
1st Rotation—ATR School- Middle School 30Q126- 9/26/2016-10/16/2016
Part A of Comprehensive Injury Report (9/28/2016)

4/6

Part B of Comprehensive Injury Report (9/28/2016)
Conversation about Accommodations with 30Q126 Principal Audio/Transcript - Immediate Counseling to consider another profession after my introduction (9/29/2016)
Section 2568 Letter #1, signed by Principal (October 13, 2016)
2nd Rotation-ATR School- Elementary School- 30Q148-  (October 17/2017-11/13/2016)
3rd Rotation-ATR School- Elementary School- 30Q85-  (11/14/2016- December 11, 2016)
Conversation with Secretary re: needing to speak with Principal in Confidence Audio (11/22/2016)
Accommodation Meeting with Principal Audio/ Transcript about 3:00 PM (11/22/2016)
Staff Meeting Humiliation- Assistant Principal took paperwork (11/22/16)
Audio/ Transcript Immediately following Accommodation Meeting (11/22/2016)
Letter to Principal Ann Gordon Chang re: Meeting and F/U at 7:47 PM (11/22/2016)
Response from Principal Chang at 8:17 PM
Section 2568 Letter #2, signed by Principal Ann Gordon Chang in response to expressing anxiety and disability (November 29, 2016)
Letter and "Guideline for Teachers in Excess..." to Principal of 30Q291. Even though title says "Month to Month", it was not followed (12/9/2016)
4th Rotation-ATR School- Middle School- 30Q291- (12/12/2016- December 18, 2016)
Letter and "Guideline for Teachers in Excess..." to Principal of 30Q2 (12/19/2016)
Mandatory Medical Review Notice Letter (December 16, 2016)
5th Rotation-ATR School- Elementary School- 30Q2- (12/19/2016- December 25, 2016)
Medical Examination "FIT" (12/21/2016)

Available:
Audio of discussion with Human Resources about the "problem-code" in my DOE digital file
Photos of "rubber room" between Dec, 2015 to September, 2016
Assigned a field supervisor (12/21/17)
First Informal Observation by field supervisor (1/4/17)
Audio of colleague's harassing behavior during a meeting which led to her accusations of my disturbance to work during job hours (1/10/17)
Principal Summons Letter 1 (1/11/17)
Audio of principal verbally harassing me by accusing, not questioning me, during a disciplinary meeting based on false claims made by the colleague harassing me during a meeting (1/13/17 about 11:40 AM)
Audio of principal aggravating my anxiety level despite seeking temporary relief from duties after disciplinary meeting which aggravated my PTSD symptoms (1/13/17 about 12:40 PM)
Disciplinary letter to file from Principal after request for therapeutic break during heightened anxiety during disciplinary meeting where she exacerbated my PTSD symptoms (1/13/17 about 1:50 PM)
Video Surveillance within school to align timing of events (FOIL in process)
Principal Summons Letter 2 (on 1/17/17- 3 date changes- for 1/17, then 1/19, then 2/3/17)
Reassignment notification email received (1/18/17)

added



Restoration of Health Leave of Absence submission (1/18/17)
Disciplinary Meeting for Summons Letter (2/3/17 about 11:00 AM)
Disciplinary Letter to File via email (2/3/17 at 1:56 PM)
History of assignment locations as an ATR throughout District 30 (email messages)
Assignment/ ATR daily schedules from all schools

Other supportive documents are available as issues continue, transcripts of
conversations are in preparation

It is important to note that the present evaluation system as an ATR has been most
effective for me to keep expectations clear of my pedagogical role. The extraneous
tasks outside of those listed in our posted job responsibilities makes it impossible to
function appropriately. During this calendar year I was observed 4 times under Teaching
for the 21st Century and received all "Satisfactory" ratings.  I would benefit from the
continuation of a similar evaluation system rather than the complicated Danielson
Rubric.

*added*

Please note that I may need support in compiling my paperwork, due to struggles I have
related to organization, and clear expectations of the extent of the paperwork and
documentation needed.

Thank you for your attention to this matter.

Signed,

Jeannine Renee Lam
6468843055

6/6

| | |
|---|---|
| **From:** | Atrassignment |
| **To:** | Angueira Alexander (30Q126) |
| **Cc:** | Fahey William; Lamonaca Genevieve |
| **Subject:** | RE: ATR Assignments for Next Week |
| **Date:** | Thursday, September 29, 2016 9:56:09 AM |

Good Morning

Ms. Lam should be treated as any full time staff member and summoned to a disciplinary conference to address her issue, She should be provided 48 hours' notice of the conference in order to obtain union representation. Once the conference is held kindly fax the documentation to this unit at 718 935 2417 once received we can look into creating an exception from future assignments to your location. Without a letter we are unable to prevent future assignments to your school.

Thanks,

ATR Assignment

**From:** Angueira Alexander (30Q126)
**Sent:** Thursday, September 29, 2016 9:34 AM
**To:** Atrassignment
**Cc:** Fahey William                              Lamonaca Genevieve
**Subject:** RE: ATR Assignments for Next Week

Hi,

I am formally requesting that Jeanine Lam not be assigned to my school again. She stated to me this morning that she has Post Traumatic Stress Disorder (PTSD) and presented a Doctor's note. She then proceeded to tell me it is triggered when she is around children. Especially when they misbehave and that yesterday the program we asked her to follow aggravated her body and sent it into spasms. She also stated that her left arm has been affected due to the fact that the doors in my building are too heavy for her to open. I do not think she is fit to work in a school building and I am not sure how to even proceed with her. I do not have a program that doesn't involve being in front of students and opening and closing doors. She is not a fit for my Special Education vacancy.

**From:** ATRAssignment@schools.nyc.gov
**Sent:** Wednesday, September 28, 2016 4:50 PM
**To:** Angueira Alexander (30Q126)
**Subject:** ATR Assignments for Next Week

Dear Principal:

This email is to notify you that for the period of 10/03/2016to 10/09/2016the following Absent Teacher Reserve staff member(s) are assigned to your school.

**JONES , DIANNE**
License Code: 997B
License Description: READING

Reason for Assignment: Interview

**LAM , JEANNINE**
License Code: 900B
License Description: SPECIAL EDUCATION

Reason for Assignment: Interview