UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JEANNINE RENEE LAM,

                               Plaintiff,

           -against-

NYC DOE – NEW YORK CITY DEPARTMENT
OF EDUCATION,

                           Defendant.

------------------------------------------------------------------- x

**ANSWER TO SECOND
AMENDED COMPLAINT**

18-cv-2756 (PGG)

Defendant, the New York City Department of Education ("DOE"), by its attorney

**ZACHARY W. CARTER**, Corporation Counsel of the City of New York, as and for its Answer

to the Second Amended Complaint, dated July 12, 2019, respectfully alleges as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "I.A" of the Second Amended Complaint.

        2.    Denies the allegations set forth in paragraph "I.B" of the Second Amended

Complaint, except admits that the DOE is located at 52 Chambers Street, New York, NY 10007.

        3.    Denies the allegations set forth in paragraph "II." of the Second Amended

Complaint, except admits that Plaintiff was employed in District 30 as an ATR.

        4.    Denies the allegations set forth in paragraph "III." of the Second Amended

Complaint, except admits that Plaintiff purports to proceed as set forth therein.

        5.    Denies the allegations set forth in paragraph "IV.A" of the Second

Amended Complaint, except admits that Plaintiff purports to proceed as set forth therein.

        6.    With respect to the allegations set forth in paragraph "IV.B" of the Second

Amended Complaint, defendant responds to the attachment to the Second Amended Complaint,

titled "Factual Addendum to Second Amended Federal Complaint for Jeannine Lam," (hereinafter, "attachment paragraph") as follows:

7.     Denies the allegations set forth in attachment paragraph "1" of the Second Amended Complaint, except admits that Plaintiff was hired by DOE in 2001.

8.     Denies the allegations set forth in attachment paragraph "2" of the Second Amended Complaint, except admits that Plaintiff was assigned as the Magnet Coordinator at P.S. 87.

9.     Denies the allegations set forth in attachment paragraph "3" of the Second Amended Complaint, except admits that Plaintiff taught Special Education and that she had a student in her class who exhibited particular difficulties and admits that according to Plaintiff's psychiatrist, Plaintiff was experiencing work-related stress.

10.     Denies the allegations set forth in attachment paragraph "4" of the Second Amended Complaint, except admits that Plaintiff received a rating of "effective".

11.     Denies the allegations set forth in attachment paragraph "5" of the Second Amended Complaint, except admits that Principal Berry spoke with Plaintiff about her recording and investigated a paraprofessional's allegation that Plaintiff had engaged in neglect.

12.     Denies the allegations set forth in attachment paragraph "6" of the Second Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff had a panic attack and that  Plaintiff's absences from the period of May 13, 2014 to June 28, 2014, have not been entered into the DOE database.

13.     Denies the allegations set forth in attachment paragraph "7" of the Second Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff spoke by telephone with Principal Leimsider.

14.     Denies the allegations set forth in attachment paragraph "8" of the Second Amended Complaint, except admits that Plaintiff as assigned to teach ICT classes at I.S. 204 during the school year 2014-2015.

15.     Denies the allegations set forth in attachment paragraph "9" of the Second Amended Complaint, except admits that Plaintiff requested to attend a workshop, her request was denied, Plaintiff proceeded to go on the trip, and subsequently received charges brought pursuant to New York Education Law 3020-a charges.

16.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "10" of the Second Amended Complaint.

17.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "11" of the Second Amended Complaint.

18.     Denies the allegations set forth in attachment paragraph "12" of the Second Amended Complaint, except admits that Principal Leimsider signed Plaintiff's Annual Professional Performance Review ("APPR") as Plaintiff's evaluator on October 1, 2014, identified the school as I.S. 204 Oliver W. Holmes/30Q204, and that Plaintiff was rated "N/A".

19.     Denies the allegations set forth in attachment paragraph "13" of the Second Amended Complaint, except admits that Plaintiff was informally observed by Assistant Principal Purdy on October 7, 2014.

20.     Denies the allegations set forth in attachment paragraph "14" of the Second Amended Complaint.

21.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "15" of the Second Amended Complaint.

22.     Denies the allegations set forth in attachment paragraph "16" of the Second Amended Complaint, except admits that on October 16, 2014, Plaintiff signed her school year 2013-2014 APPR Overall Rating form.

23.     Denies the allegations set forth in attachment paragraph "17" of the Second Amended Complaint, except admits that Plaintiff received a letter from Assistant Principal Carroll concerning the bulletin board.

24.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "18" of the Second Amended Complaint.

25.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "19" of the Second Amended Complaint.

26.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "20" of the Second Amended Complaint.

27.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "21" of the Second Amended Complaint.

28.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "22" of the Second Amended Complaint.

29.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "23" of the Second Amended Complaint.

30.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "24" of the Second Amended Complaint.

31.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "25" of the Second Amended Complaint.

32.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "26" of the Second Amended Complaint, except admits that Plaintiff was out sick on November 24th, December 4th, December 5th, December 8th, and December 9th of 2014.

33.      Denies the allegations set forth in attachment paragraph "27" of the Second Amended Complaint, except admits that Plaintiff was observed by Assistant Principal Purdy on December 18, 2014.

34.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "28" of the Second Amended Complaint.

35.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "29" of the Second Amended Complaint.

36.     Denies the allegations set forth in attachment paragraph "30" of the Second Amended Complaint, except admits that Plaintiff was directed by Assistant Principal Purdy to produce her lesson plans and that Plaintiff received a letter to file.

37.     Denies the allegations set forth in attachment paragraph "31" of the Second Amended Complaint.

38.     Denies the allegations set forth in attachment paragraph "32" of the Second Amended Complaint, except admits that Plaintiff received a letter to file.

39.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "33" of the Second Amended Complaint.

40.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "34" of the Second Amended Complaint, except admits that Plaintiff was out sick on January 15, 2015.

41.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "35" of the Second Amended Complaint.

42.     Denies the allegations set forth in attachment paragraph "36" of the Second Amended Complaint, except admits that Plaintiff used sick days to take time off to go to a workshop on January 20, 2015, through January 23, 2015, and that such action resulted in a SCI investigation, letter to file, and 3020-a hearing.

43.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "37" of the Second Amended Complaint.

44.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "38" of the Second Amended Complaint.

45.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "39" of the Second Amended Complaint.

46.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "40" of the Second Amended Complaint.

47.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "41" of the Second Amended Complaint.

48.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "42" of the Second Amended Complaint.

49.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "43" of the Second Amended Complaint.

50.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "44" of the Second Amended Complaint.

51.     Denies the allegations set forth in attachment paragraph "45" of the Second Amended Complaint, except admits that Plaintiff was out of work on February 2, 2015.

52.     Denies the allegations set forth in attachment paragraph "46" of the Second Amended Complaint, except admits that Plaintiff was out of work on February 3, 2015.

53.     Denies the allegations set forth in attachment paragraph "47" of the Second Amended Complaint, except respectfully refers the Court to the document referred therein for a complete and accurate statement of its contents.

54.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "48" of the Second Amended Complaint.

55.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "49" of the Second Amended Complaint.

56.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "50" of the Second Amended Complaint.

57.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "51" of the Second Amended Complaint.

58.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "52" of the Second Amended Complaint.

59.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "53" of the Second Amended Complaint.

60.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "54" of the Second Amended Complaint.

61.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "55" of the Second Amended Complaint.

62.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "56" of the Second Amended Complaint.

63.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "57" of the Second Amended Complaint.

64.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "58" of the Second Amended Complaint.

65.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "59" of the Second Amended Complaint.

66.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "60" of the Second Amended Complaint.

67.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "61" of the Second Amended Complaint.

68.     Denies the allegations set forth in attachment paragraph "62" of the Second Amended Complaint, except admits that Plaintiff received a letter to file for absences.

69.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "63" of the Second Amended Complaint.

70.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "64" of the Second Amended Complaint.

71.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "65" of the Second Amended Complaint.

72.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "66" of the Second Amended Complaint.

73.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "67" of the Second Amended Complaint.

74.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "68" of the Second Amended Complaint.

75.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "69" of the Second Amended Complaint, except admits that Plaintiff was observed by Assistant Principal Purdy on March 12, 2015.

76.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "70" of the Second Amended Complaint.

77.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "71" of the Second Amended Complaint.

78.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "72" of the Second Amended Complaint.

79.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "73" of the Second Amended Complaint.

80.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "74" of the Second Amended Complaint.

81.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "75" of the Second Amended Complaint.

82.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "76" of the Second Amended Complaint.

83.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "77" of the Second Amended Complaint.

84.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "78" of the Second Amended Complaint.

85.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "79" of the Second Amended Complaint.

86.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "80" of the Second Amended Complaint.

87.     Denies the allegations set forth in attachment paragraph "81" of the Second Amended Complaint, except admits that Plaintiff received a letter to file for lateness.

88.     Denies the allegations set forth in attachment paragraph "82" of the Second Amended Complaint, except admits that Plaintiff attended the Seeds of Trees field trip on March 18, 2018.

89.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "83" of the Second Amended Complaint.

90.     Denies the allegations set forth in attachment paragraph "84" of the Second Amended Complaint, except admits that Plaintiff received a copy of her evaluation from her March 12, 2015 observation.

91.     Denies the allegations set forth in attachment paragraph "85" of the Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegation that union representative Ms. Goldberg wrote an APPR complaint.

92.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "86" of the Second Amended Complaint.

93.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "87" of the Second Amended Complaint.

94.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "88" of the Second Amended Complaint.

95.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "89" of the Second Amended Complaint.

96.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "90" of the Second Amended Complaint.

97.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "91" of the Second Amended Complaint, except admits that Plaintiff received a letter about the investigation of an allegation of corporal punishment.

98.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "92" of the Second Amended Complaint.

99.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "93" of the Second Amended Complaint.

100.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "94" of the Second Amended Complaint.

101.     Denies the allegations set forth in attachment paragraph "95" of the Second Amended Complaint, except admits that Plaintiff was notified of an allegation of corporal punishment.

102.    Denies the allegations set forth in paragraph "96" of the Complaint, except respectfully refers the Court to the document referred therein for a complete and accurate statement of its contents.

103.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "97" of the Second Amended Complaint.

104.    Denies the allegations set forth in attachment paragraph "98" of the Second Amended Complaint, except admits that Principal Leimsider contacted Plaintiff concerning Plaintiff's disciplinary meeting by certified mail.

105.    Denies the allegations set forth in attachment paragraph "99" of the Second Amended Complaint, except admits that the office of the Special Commissioner of Investigation wrote a letter dated April 30, 2015, and respectfully refers the Court to the letter referred therein for a complete and accurate statements of its contents.

106.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "100" of the Second Amended Complaint.

107.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "101" of the Second Amended Complaint.

108.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "102" of the Second Amended Complaint.

109.   Denies the allegations set forth in attachment paragraph "103" of the Second Amended Complaint, except admits that allegations against Plaintiff were assigned OSI Case #15-02208X, and refers the Court to the document referred to therein for complete and accurate statements of its contents.

110.   Denies the allegations set forth in attachment paragraph "104" of the Second Amended Complaint, except admits that Plaintiff received a letter to file dated June 18, 2015, from Principal Leimsider.

111.   Denies the allegations set forth in paragraph "105" of the Complaint, except respectfully refers the Court to the document referred therein for a complete and accurate statement of its contents.

112.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "106" of the Second Amended Complaint.

113.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "107" of the Second Amended Complaint.

114.   Denies the allegations set forth in attachment paragraph "108" of the Second Amended Complaint, except admits that Principal Leimsider retired.

115.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "109" of the Second Amended Complaint.

116.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "110" of the Second Amended Complaint.

117.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "111" of the Second Amended Complaint.

118.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "112" of the Second Amended Complaint.

119.     Denies the allegations set forth in attachment paragraph "113" of the Second Amended Complaint, except admits that Plaintiff spoke with Principal Kotzer.

120.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "114" of the Second Amended Complaint.

121.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "115" of the Second Amended Complaint.

122.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "116" of the Second Amended Complaint.

123.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "117" of the Second Amended Complaint.

124.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "118" of the Second Amended Complaint.

125.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "119" of the Second Amended Complaint.

126.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "120" of the Second Amended Complaint.

127.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "121" of the Second Amended Complaint.

128.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "122" of the Second Amended Complaint.

129.    Denies the allegations set forth in attachment paragraph "123" of the Second Amended Complaint, except admits that Plaintiff was given a Teacher Improvement Plan.

130.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "124" of the Second Amended Complaint.

131.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "125" of the Second Amended Complaint.

132.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "126" of the Second Amended Complaint.

133.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "127" of the Second Amended Complaint.

134.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "128" of the Second Amended Complaint.

135.    Denies the allegations set forth in paragraph "129" of the Second Amended Complaint, except admits that there was an accusation of Corporal Punishment.

136.    Denies the allegations set forth in paragraph "130" of the Second Amended Complaint, except denies knowledge of the date Plaintiff was notified that OSI Case 1507123X was closed.

137.    Denies the allegations set forth in paragraph "131" of the Second Amended Complaint, except admits that Plaintiff was informally observed on October 23, 2015, and received rating components of, in part, "developing" and "ineffective".

138.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "132" of the Second Amended Complaint.

139.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "133" of the Second Amended Complaint.

140.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "134" of the Second Amended Complaint.

141.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "135" of the Second Amended Complaint.

142.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "136" of the Second Amended Complaint.

143.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "137" of the Second Amended Complaint.

144.    Denies the allegations set forth in attachment paragraph "138" of the Second Amended Complaint, except admits that Plaintiff and a co-teacher were observed and evaluated by school administrators.

145.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "139" of the Second Amended Complaint.

146.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "140" of the Second Amended Complaint.

147.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "141" of the Second Amended Complaint.

148.    Denies the allegations set forth in attachment paragraph "142" of the Second Amended Complaint, except admits that Plaintiff received a letter to file dated October 30, 2015, concerning SCI Case #2015-0593, and respectfully refers the Court to the document referred therein for a complete and accurate statement of its contents.

149.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "143" of the Second Amended Complaint.

150.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "144" of the Second Amended Complaint.

151.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "145" of the Second Amended Complaint.

152.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "146" of the Second Amended Complaint.

153.    Denies the allegations set forth in paragraph "147" of the Complaint, except respectfully refers the Court to the document cited therein for a complete and accurate statement of its contents.

154.    Denies the allegations set forth in attachment paragraph "148" of the Second Amended Complaint, except admits that Plaintiff's grievance was denied, and respectfully refers the Court to the document referred therein for a complete and accurate statement of its contents.

155.    Denies the allegations set forth in attachment paragraph "149" of the Second Amended Complaint.

156.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "150" of the Second Amended Complaint.

157.    Denies the allegations set forth in attachment paragraph "151" of the Second Amended Complaint, except admits that Plaintiff received charges pursuant to New York State Education Law Section 3020-a, and respectfully refers the Court to the document referred therein for a complete and accurate statements of its contents.

158.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "152" of the Second Amended Complaint.

159.    Denies the allegations set forth in attachment paragraph "153" of the Second Amended Complaint, except admits that Plaintiff received notice of her removal from her assigned duties in a letter dated December 2, 2015.

160.    Denies the allegations set forth in attachment paragraph "154" of the Second Amended Complaint, except admits that Plaintiff was removed from her assigned duties and relocated to an office.

161.    Denies the allegations set forth in attachment paragraph "155" of the Second Amended Complaint.

162.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "156" of the Second Amended Complaint.

163.    Denies the allegations set forth in attachment paragraph "157" of the Second Amended Complaint, except admits that Principal Kotzer was examined on March 16, 2016, and respectfully refers the Court to the transcript of the examination referred therein for a complete and accurate statement of its contents.

164.    Denies the allegations set forth in attachment paragraph "158" of the Second Amended Complaint, except admits that Plaintiff submitted an Accommodation Request form, dated May 17, 2016, requesting permanent placement in an elementary classroom environment with a daily, consistent schedule rather than being moved to other work environments, and respectfully refers the Court to the documents referred therein for a complete and accurate statement of their contents.

165.    Denies the allegations set forth in attachment paragraph "159" of the Second Amended Complaint, except admits that Eugene S. Ginsberg issued an opinion, dated April 21, 2016, recommending a fine of one thousand dollars.

166.    Denies the allegations set forth in attachment paragraph "160" of the Second Amended Complaint, except admits that on May 20, 2016, Plaintiff submitted an

accommodation request, and respectfully refers the Court to the document referred therein for a complete and accurate statement of its contents.

167.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "161" of the Second Amended Complaint.

168.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "162" of the Second Amended Complaint.

169.   Denies the allegations set forth in attachment paragraph "163" of the Second Amended Complaint, except respectfully refers the Court to the emails referred therein for a complete and accurate statement of their contents.

170.   Denies the allegations set forth in attachment paragraph "164" of the Second Amended Complaint.

171.   Denies the allegations set forth in attachment paragraph "165" of the Second Amended Complaint.

172.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "166" of the Second Amended Complaint.

173.   Denies the allegations set forth in attachment paragraph "167" of the Second Amended Complaint, except admits that Plaintiff's request for a Medical Accommodation was denied, and respectfully refers the Court to the document referred therein for a complete and accurate statement of its contents.

174.    Denies the allegations set forth in attachment paragraph "168" of the Second Amended Complaint.

175.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "169" of the Second Amended Complaint.

176.    Denies the allegations set forth in attachment paragraph "170" of the Second Amended Complaint.

177.    Denies the allegations set forth in attachment paragraph "171" of the Second Amended Complaint, except admits that Plaintiff was rotated to teaching assignments during the years 2016, 2017, and 2018.

178.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "172" of the Second Amended Complaint.

179.    Denies the allegations set forth in attachment paragraph "173" of the Second Amended Complaint, except admits that Plaintiff was assigned to the Absent Teacher Reserve.

180.    Denies the allegations set forth in attachment paragraph "174" of the Second Amended Complaint, except admits that Plaintiff alleged that she was injured by the staircase door.

181.    Denies the allegations set forth in attachment paragraph "175" of the Second Amended Complaint, except respectfully refers the Court to the document referred therein for a complete and accurate statement of its contents.

182.    Denies the allegations set forth in attachment paragraph "176" of the Second Amended Complaint, except admits that Principal Angueira sent an email requesting that Plaintiff not be assigned to his school and that Plaintiff was not fit for his teaching vacancy.

183.    Denies the allegations set forth in attachment paragraph "177" of the Second Amended Complaint, except admits that William Fahey and Genevieve Lamonaca were copied on an email sent by ATR Assignment to Principal Angueira.

184.    Denies the allegations set forth in attachment paragraph "178" of the Second Amended Complaint, except admits that Principal Angueira requested a medical evaluation for Plaintiff.

185.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "179" of the Second Amended Complaint.

186.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "180" of the Second Amended Complaint.

187.    Denies the allegations set forth in attachment paragraph "181" of the Second Amended Complaint, except admits that a request for a medical evaluation for Plaintiff was submitted by the principal.

188.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "182" of the Second Amended Complaint.

189.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "183" of the Second Amended Complaint.

190.    Denies the allegations set forth in attachment paragraph "184" of the Second Amended Complaint, except admits that Plaintiff was asked to acknowledge receipt of the medical examination notification when she arrived at P.S. 2.

191.    Denies the allegations set forth in attachment paragraph "185" of the Second Amended Complaint, except admits that Plaintiff reported for her medical evaluation on December 21, 2016, and was declared fit.

192.    Denies the allegations set forth in attachment paragraph "186" of the Second Amended Complaint, except admits that Plaintiff asked about the school Smart board.

193.    Denies the allegations set forth in attachment paragraph "187" of the Second Amended Complaint, except admits that Plaintiff asked if she could attend the School Leadership Team meeting and that her request was denied.

194.    Denies the allegations set forth in attachment paragraph "188" of the Second Amended Complaint, except admits that Plaintiff was assigned to do work in a kindergarten classroom by Principal Goldman and that Plaintiff was reassigned from P.S. 2.

195.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "189" of the Second Amended Complaint.

196.    Denies the allegations set forth in attachment paragraph "190" of the Second Amended Complaint, except admits that Plaintiff met with Principal Goldman on January 13, 2017, concerning Plaintiff's insubordination and interruption of work.

197.    Denies the allegations set forth in attachment paragraph "191" of the Second Amended Complaint, except admits that Plaintiff met with Principal Goldman on January 13, 2017, and notified Principal Gordon that she was recording the conversation and had recorded the previous meeting with the other kindergarten teachers.

198.    Denies the allegations set forth in attachment paragraph "192" of the Second Amended Complaint, except admits that Plaintiff asked Principal Goldman if she could be relieved of her duties.

199.    Denies the allegations set forth in attachment paragraph "193" of the Second Amended Complaint, except admits that Plaintiff put in a request for medical leave.

200.    Denies the allegations set forth in attachment paragraph "194" of the Second Amended Complaint, except admits that Plaintiff took leave.

201.    Denies the allegations set forth in attachment paragraph "195" of the Second Amended Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff received an email from the ATR Unit on January 18, 2017.

202.    Denies the allegations set forth in attachment paragraph "196" of the Second Amended Complaint, except admits that Plaintiff took a Restoration of Health Leave and that Principal Goldman attempted to contact Plaintiff.

203.    Denies the allegations set forth in attachment paragraph "197" of the Second Amended Complaint, except admits that Plaintiff met with Principal Goldman on February 3, 2017, and that Plaintiff received a letter to file.

204.    Denies the allegations set forth in attachment paragraph "198" of the Second Amended Complaint, except admits that Plaintiff received a U-rating for the 2016-2017

school year, and respectfully refers the Court to the document referred therein for a complete and accurate statement of its contents.

205.    Denies the allegations set forth in attachment paragraph "199" of the Second Amended Complaint, except respectfully refers the Court to the document referred therein for a complete and accurate statement of its contents.

206.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "200" of the Second Amended Complaint.

207.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "201" of the Second Amended Complaint, except admits that Plaintiff was assigned to I.S. 230.

208.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "202" of the Second Amended Complaint.

209.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "203" of the Second Amended Complaint.

210.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "204" of the Second Amended Complaint.

211.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "205" of the Second Amended Complaint.

212.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "206" of the Second Amended Complaint.

213.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "207" of the Second Amended Complaint.

214.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in attachment paragraph "208" of the Second Amended Complaint.

215.     Denies the allegations set forth in attachment paragraph "208(1)" of the Second Amended Complaint.

216.     Denies the allegations set forth in attachment paragraph "208(2)" of the Second Amended Complaint.

217.     Denies the allegations set forth in attachment paragraph "208(3)" of the Second Amended Complaint.

218.     Denies the allegations set forth in attachment paragraph "208(4)" of the Second Amended Complaint.

219.     Denies the allegations set forth in attachment paragraph "208(5)" of the Second Amended Complaint.

220.     Denies the allegations set forth in attachment paragraph "208(6)" of the Second Amended Complaint.

221.     Denies the allegations set forth in attachment paragraph "208(7)" of the Second Amended Complaint.

222.    Denies the allegations set forth in attachment paragraph "208(8)" of the Second Amended Complaint.

223.    Denies the allegations set forth in attachment paragraph "208(9)" of the Second Amended Complaint.

224.    Denies the allegations set forth in attachment paragraph "208(10)" of the Second Amended Complaint.

225.    Denies the allegations set forth in attachment paragraph "208(11)" of the Second Amended Complaint.

226.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "V." of the Second Amended Complaint, except admits, upon information and belief, that Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and thereafter received a Notice of Right to Sue from the EEOC, and respectfully refers the Court to the charge of discrimination and EEOC Notice of Right to Sue for a complete and accurate statement of their respective contents.

227.    Denies the allegations set forth in paragraph "VI." of the Second Amended Complaint, including its attachment, except admits that Plaintiff purports to proceed as set forth therein.

228.    Denies the allegations set forth in paragraph "VII." of the Second Amended Complaint, except admits that Plaintiff purports to proceed as set forth therein.

## AS AND FOR A FIRST DEFENSE:

229.    Pursuant to the Opinion and Order, dated March 31, 2019, the Court dismissed Plaintiff's claims brought pursuant to the New York State Human Rights Law, New

York Executive Law, §§ 290, et seq., and the New York City Human Rights Law, New York City Administrative Code § 8-101, et seq.

## AS AND FOR A SECOND DEFENSE:

230.   The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A THIRD DEFENSE:

231.   Defendant had a legitimate, non-discriminatory, non-retaliatory business reasons for any decisions made with respect to Plaintiff's employment.

## AS AND FOR A FOURTH DEFENSE:

232.   At all times relevant to the Second Amended Complaint, Defendant acted reasonably, lawfully, and in good faith, without malice, in accordance with the Constitution and laws of the United States and the Charter and laws of the City of New York, and all applicable laws, by-laws, rules and regulations.

## AND AS FOR A FIFTH DEFENSE:

233.   The request for punitive damages is barred because such damages are not available against a government or governmental subdivision.

**WHEREFORE,** Defendant respectfully requests that the Second Amended Complaint be dismissed in its entirety, that the Court enter judgment for Defendant, and that Defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            July 26, 2019

                          **ZACHARY W. CARTER**
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendant
                          100 Church Street, Room 2-172

New York, New York 10007
(212) 356-8767
ablair@law.nyc.gov

By: _____
Amanda M. Blair
Assistant Corporation Counsel

cc:     Jeannine Renee Lam, *pro se*
        4125 50th Street, Apt. 5B
        Woodside, NY 11377